UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

In re

**MICHAEL JOSEPH SINDRAM,**

       Debtor.

---

**MICHAEL JOSEPH SINDRAM,**

       Appellant,

       v.                    Civil Action No. 11-1220 (ESH)

**SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA,**

       Appellee.

---

**MEMORANDUM OPINION**

In above-captioned matter, Michael Joseph Sindram appeals from an order entered by the Bankruptcy Court in the adversary proceeding *Sindram v. Superior Court of the District of Columbia.*, No. 09-10036 (Bankr. D.D.C. ) ("Adversary Proceeding"). As recently observed by another district court judge "Sindram is no stranger to the judicial system." *See* Memorandum Opinions and Orders, *Sindram v. Superior Court of the District of Columbia*, Civil Action Nos. 10-1994, 11-0307, 11-0862 (D.D.C. June 21, 2011) ["Prior Orders"]. He is a "'serial litigant' who has filed numerous frivolous actions in this district court and others." *Id*. at 1 (citing *Sindram v. Circuit City*, No. 92-2138, 1992 WL 391359 (D.D.C. Dec. 14, 1992)). As a result, "Sindram has been enjoined from filing actions in district court in forma pauperis without leave

of court." *Id.* (citing *Sindram v. Circuit City*, No. 92-2138, 1992 WL 391359 (D.D.C. Dec. 14, 1992); *Sindram v. Saunders*, No. 03-2110, 2004 WL 5459796 (D.D.C. Aug. 11, 2004); *Sindram v. Suda*, 1992 U.S. Dist. LEXIS 8977 (D.D.C. June 24, 1992).)[1] The appeal presently before the Court is the most recent of a several appeals that have arisen out of the same bankruptcy proceeding that pertain to plaintiff's desire to proceed in forma pauperis before the district court. *See id.* at 3-6 (dismissing Civil Action Nos. 10-1994, 11-0307, 11-0862). For the reasons stated herein, this appeal will be dismissed.

The background of the pending appeal is set forth in Judge Bates' recent decision dismissing three similar appeals. *Id.* at 3-6 (dismissing Civil Action Nos. 10-1994, 11-0307, 11-0862).

---

[1]As Judge Bates explained before dismissing three of Sindram's appeals from orders entered by the Bankruptcy Court in the Adversary Proceeding:

> The constitutional right of access to the courts is not absolute or unconditional. *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981). If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, "a [c]ourt may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United States*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Sindram has a persistent record of filing frivolous suits. He has been enjoined from filing pleadings and/or sanctioned by the United States Supreme Court, *see In re Sindram*, 498 U.S. 177 (1991); the United States Court of Appeals for the District of Columbia Circuit, *see Sindram v. Johnson*, 1993 WL 13959 (D.C. Cir. Apr. 20, 1993); the United States District Court for the District of Maryland, *see Sindram v. Wallin*, No. 90-800 (D. Md. Mar. 16, 1990); the Circuit Court for Montgomery County, Maryland, *see Sindram v. Roth*, No. 63862 (Mont. Cnty. Cir. Jan. 14, 1993) (providing examples of the "abusive practices and bad faith litigation the citizens of [Maryland] are caused to suffer at the hands of Michael Sindram"); and the Superior Court of the District of Columbia, *see Sindram v. Thorne*, No. 03-CA-9551 (Super. Ct. D.C. Feb. 10, 2004).

Prior Orders at 1-2.

> Sindram's current appeals originated with an adversary proceeding Sindram
> initiated against the Superior Court of the District of Columbia on October 2,
> 2009 [Bankr. Docket Entry 1], in which Sindram sought to attack a 1992 order
> entered by that court [Bankr. Docket Entry 5]. The bankruptcy court dismissed
> the adversary proceeding because Sindram failed to state a claim upon which
> relief could be granted. Sindram filed a response [Bankr. Docket Entry 8], and
> the bankruptcy court issued a final dismissal on the merits on January 20, 2010
> [Bankr. Docket Entry 10]. On January 29, 2010, Sindram filed a Notice of Appeal
> from that judgment [Bankr. Docket Entry 13]. The appeal generated a case in
> district court, which the clerk docketed as Civil Action Case No. 10-00402
> [Bankr. Docket Entry 16]

*Id.* at 2-3. On August 9, 2010, Judge Leon dismissed the merits appeal with prejudice, Order, *Sindram v. Superior Court*, Civ. No. 10-0402 (D.D.C. Aug. 9, 2010), and the Court of Appeals affirmed that dismissal on November 2, 2010. *Sindram v. Superior Court*, No. 10-8007 (D.C. Cir. Nov. 2, 2010.)

Starting with the merits appeal and continuing since then in what appears to be an unbreakable cycle, every time the bankruptcy court issues an order the following happens: (1) Sindram notices an appeal, (2) the bankruptcy court notifies him that he has failed to pay the required fee, (3) Sindram files an application with the bankruptcy court to proceed in district court without prepayment of fees, (4) the bankruptcy court issues an order denying the application, and (5) Sindram notices an appeal from that order, starting the whole cycle over again. *See, e.g.,* Bankr. Dkt. ## 21, 24, 29, 34, 35, 37, 41, 44, 45, 47, 48, 59, 60, 63, 64, 66, 68, 71, 73, 77, 78, *Sindram v. Superior Court*, Bankr. No. 09-10036. The pending appeal [Bankr. Dkt. #71] arises out of the bankruptcy court's April 28, 2011 Order [Bankr. Dkt. #68] denying plaintiff's request to proceed in forma pauperis in Civil Action No. 11-00862 [Notice of Appeal filed April 5, 2011, Bankr. Dkt. #63], which was an appeal of the bankruptcy court's March 29, 2011 Order [Bankr. Dkt. #59]. As Civil Action No. 11-0862 is no longer pending on the merits,

*see* Order, *Sindram v. Superior Court*, Civil Action No. 11-0862 (D.D.C. June 21, 2011), plaintiff's appeal of the bankruptcy's court's denial of his request to proceed in forma pauperis in that appeal is moot.[1] In addition, as the Court of Appeals has affirmed Judge Leon's dismissal of the merits appeal, any further appeals relating to orders issued in the Adversary Proceeding are similarly subject to dismissal.

Accordingly and for the reasons stated above, Civil Action 11-1220 will be dismissed.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 8, 2011

---

[1]This appeal is ultimately related to Sindram's original January 29, 2010 appeal from the bankruptcy court's dismissal of the adversary proceeding as it "involv[e] the same parties and relat[e] to the same subject matter." Local Civ. R. 40.5(a)(4). Any further requests by appellant to proceed without prepayment of fees in appeals arising out of Bankruptcy Adversary Proceeding 09-10036 should be assigned as related to Civil Action No. 10-00402, the merits appeal and could well be subject to Judge Leon's order dated August 9, 2010 enjoining plaintiff from "submitt[ing] any additional filings" in that case.